## Louisville Railway Company v. Everett.

(Decided May 1, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

Street Railroads—State Motor Vehicles Act Does not Determine Right of Way Between Automobile and Street Car—"Vehicle."— Motor Vehicles Act 1920, section 1 (Ky. Stats., section 2739g1), defining "vehicle," as used in the act, as all vehicles passing over the highways, except road rollers and those which travel exclusively by rail, prevents that act from applying to determine the right of way between an automobile and a street car approaching on intersecting streets, and the right of way in such circumstances is therefore governed by an applicable city ordinance, so that it was error to instruct the jury under the state law that the street car had the right of way, when the automobile had the right of way under the city ordinance.

PETER, LEE, TABB & KRIEGER and ALFRED SELLIGMAN for appellant.

EUGENE R. ATTKISSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellee Everett sued the street railway company to recover damages for injuries sustained by him in a collision between his automobile and an electric car which occurred at the intersection of Chestnut street and 28th street in Louisville, as he was driving along Chestnut street in a westernly direction, and the electric car was traveling south on its tracks on Twenty-eighth street.

On the first trial the jury returned a verdict for the street railway company. The circuit court granted a new trial. The second trial resulted in a verdict for the plaintiff in the sum of $500.00.

This appeal is prosecuted by the street railway company from a judgment setting aside the first verdict and judgment and granting a new trial. The sole question presented is the correctness of the instructions given by the court upon that trial. It is admitted that the trial in other respects was regular. Conceiving that the act of the general assembly of 1920 regulating the operation of motor vehicles on public highways included and con-

trolled electric street cars, the trial judge instructed the
jury that it was the duty of appellee Everett as he ap-
proached Twenty-eighth street to yield the right of way
to the street car at the intersection of its path with his
path, unless as and when the said Everett took his auto-
mobile into the intersection of Twenty-eighth street the
street car was then further from the point of said inter-
section of their paths than was the automobile which
plaintiff was driving. Appellee Everett insists that this
instruction was erroneous. The motor vehicles act of
1920 does not control in cases like this one. That act is
now a part of Kentucky Statutes, beginning with section
2739g-1. Its first section reads:

"Whenever and wherever the word 'vehicle' is used
in this act it shall include all agencies for the transporta-
tion of persons or property over and upon the public
highway of this Commonwealth, and all vehicles passing
over or upon said highways, excepting road rollers and
such vehicles as travel exclusively on rails; and whenever
and wherever the word 'automobile' is used it shall in-
clude all vehicles that are propelled otherwise than by
muscular power except road rollers and such vehicles as
travel exclusively on rails."

Without going further into the act of 1920, it clearly
appears from the first section thereof it was not intended
and does not include street cars or vehicles that travel
exclusively on rails. Louisville Railway Company v.
Birdwell, 189 Ky. 422. The trial court, therefore, erred
in giving instructions on the first trial requiring the ap-
pellee Everett while driving his car to yield the right of
way to the street car at the intersection of their paths.

At the time of the accident there was in force in the
city of Louisville an ordinance reading:

"All vehicles and street cars going in an easternly
and westernly direction shall have the right of way over
all the vehicles or street cars going in a northernly or
southernly direction."

As the state law, embracing section 2739g-1, et seq.,
does not govern the operation of street cars, the ordi-
nance copied above was in full force and effect and con-
trolled where a street car and automobile traveling in
different directions entered an intersection at the same
time.

Manifestly the trial court erred in its instruction to
the jury upon the first trial, and properly set aside that

verdict and judgment granting appellee Everett a new trial.

For the reasons indicated the last judgment is affirmed.

Judgment affirmed.